787 F.2d 65
 UNITED STATES of America, Appellee-Cross-Appellant,
v.
Danny TOM, Jackie Mooi and Robert Hsu, Defendants-Appellants,
and
Lenny Chow, Yin Poy Louie and Robert Hsu, Defendants-Cross-Appellees.
 Nos. 946, 950, 972 and 1065, Dockets 86-1017 and 86-1040 to 86-1042.
 United States Court of Appeals,
Second Circuit.
 Argued March 6, 1986.
Decided March 31, 1986.
 
 Barry Fallick, New York City (Rochman, Platzer & Fallick, New York City, on brief), for defendant-appellant Tom.
 David L. Lewis, New York City (Lewis & Fiori, New York City, on brief), for defendant-appellant Mooi.
 Jerry L. Tritz, New York City, for defendant-appellant-cross-appellee Hsu.
 Steven A. Standiford, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Warren Neil Eggleston, Asst. U.S. Atty., Nancy E. Ryan, Ellen M. Corcella, Sp. Asst. U.S. Attys., New York City, on brief), for appellee-cross-appellant.
 Elyse S. Goldweber, New York City, for defendant-cross-appellee Louie.
 Eric J. Greenbush, New York City, submitted a brief for defendant-cross-appellee Chow.
 Before FEINBERG, Chief Judge, NEWMAN and WINTER, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 This is an interlocutory appeal and cross-appeal from an order of the District Court for the Southern District of New York (Robert W. Sweet, Judge), 625 F.Supp. 1327, granting in part and denying in part motions in a pending criminal case for dismissal of portions of an indictment charging conspiracy and substantive violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1962(c), (d) (1982). For reasons that follow, we dismiss for lack of appellate jurisdiction.
 
 
 2
 The indictment charges twenty-five defendants with violations of section 1962(c) and (d) and other offenses. The RICO charges are based on the operation of a street gang known as "Ghost Shadows," which is alleged to be a group of young men of Chinese origin operating in the Chinatown area of New York City through a pattern of racketeering activity that includes murder, kidnapping, robbery, extortion, and gambling. The indictment sets forth in support of both the conspiracy and substantive RICO counts a total of eighty-five predicate acts of "racketeering activity" to establish the "pattern of racketeering activity" that is an element of section 1962. See 18 U.S.C. Sec. 1961(1), (5). Several defendants moved to dismiss those predicate acts alleging conduct for which they had been either convicted or acquitted in prior state court prosecutions. Judge Sweet denied the motions insofar as they challenged the inclusion of predicate acts on which state court convictions had been obtained, but he granted the motions with respect to predicate acts that included conduct for which there had been state court acquittals. From this ruling two defendants appeal,[1] and the Government cross-appeals. The appeal was expedited in view of the impending trial, now scheduled to begin April 14.
 
 
 3
 Initially, we must consider the issue of appellate jurisdiction, which was not briefed by any of the parties, an especially surprising omission by the Government, which may pursue appeals in criminal cases only in carefully defined circumstances. See 18 U.S.C. Sec. 3731 (1982).[2] During oral argument, we asked for supplemental papers concerning the jurisdictional issues, which have been received.
 
 I. The Defendants' Appeal
 
 4
 Defendant Jackie Mooi appeals from the denial of his motion to dismiss predicate act 13, charging him and others with conspiracy to rob and robbery of a jewelry store. Mooi was convicted of robbery on his plea of guilty in the New York Supreme Court. Defendant Danny Tom appeals from the denial of his motion to dismiss predicate act 81, charging him and others with conspiracy to extort and extortion of Wai Kang Leung. Tom was convicted of extortion on his plea of guilty in the New York Supreme Court.
 
 
 5
 The appellants claim jurisdiction under the collateral order doctrine as applied to orders denying motions to dismiss one or more counts of an indictment on grounds of double jeopardy. See Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Though recognizing that the rule of finality "has been particularly stringent in criminal prosecutions," id. at 657, 97 S.Ct. at 2039, the Supreme Court in Abney permitted an interlocutory appeal of the denial of a motion to dismiss the entirety of a one-count indictment. The Court did so to afford the defendant an opportunity to vindicate that aspect of the Double Jeopardy Clause that provides "a guarantee against being twice put to trial for the same offense." Id. at 661, 97 S.Ct. at 2041 (emphasis in original) (footnote omitted).
 
 
 6
 Abney does not support interlocutory appellate jurisdiction of that portion of the District Court's order refusing to dismiss one predicate act as against Mooi and one predicate act as against Tom. Even if both defendants were to succeed on the merits of their claims, they would still face trial on the indictment and specifically on Counts 1 and 2, which charge the RICO violations, because each defendant is charged with at least two other predicate acts.[3] Two acts of racketeering activity are sufficient to satisfy the "pattern of racketeering" element of RICO. 18 U.S.C. Sec. 1961(5). Where a defendant challenges an entire count on grounds of former jeopardy, lack of an interlocutory appeal would prevent all opportunity to vindicate the asserted right to avoid trial on that count. But where, as here, the defendant will be tried on the count even if the challenged portion of the count is stricken, obliging him to proceed with the trial and pursue his claim only on appeal from conviction, should one occur, does not forfeit an opportunity to vindicate a right to avoid trial on that count. As the Court emphasized in Abney, in the context of a double jeopardy claim, an interlocutory appeal is available under the collateral order doctrine only where the asserted right would be " 'lost, probably irreparably,' if review had to await final judgment." 431 U.S. at 658, 97 S.Ct. at 2039, 2040 (quoting Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)).
 
 
 7
 Appellants apparently believe that an interlocutory appeal may be taken from a pretrial ruling in a criminal case that denies any relief sought on the basis of the Double Jeopardy Clause. We disagree. Such an approach would permit a defendant to take an interlocutory appeal from any pretrial ruling that denied a motion to exclude evidence on grounds alleged to arise from the Double Jeopardy Clause. If a defendant has a valid double jeopardy claim, he is entitled to present it on an interlocutory appeal to avoid "the personal strain, public embarrassment, and expense of a criminal trial" on the indictment or count for which he has previously been in jeopardy, Abney v. United States, supra, 431 U.S. at 661, 97 S.Ct. at 2041. However, he is not entitled to an interlocutory appeal to avoid whatever slight increment of strain, embarrassment, or expense might arise from having to defend against allegations made or evidence presented in connection with a count on which trial will in any event occur.
 
 II. The Government's Cross-Appeal
 
 8
 The Government cross-appeals from that portion of the District Court's order striking three predicate acts, one each as to defendants Robert Hsu, Lenny Chow, and Yin Poy Louie. Each predicate act charged one of these defendants with some conduct of which he had been acquitted in a state court. Predicate act 24 charged Hsu and others with conspiracy to murder and attempted murder of Louie. Hsu was acquitted of the attempted murder by the New York Supreme Court. He was not charged in the state court with conspiracy to murder. Nevertheless, the District Judge dismissed all of predicate act 24 as against Hsu. Predicate act 64 charged Chow and others with conspiracy to murder and the murder of William Chin. Chow was acquitted of conspiracy and murder by a state court in Illinois. Predicate act 64 was dismissed as against Chow. Predicate act 75 charged Louie and others with conspiracy to murder and attempt to murder Robert Hu. Louie was acquitted of the attempted murder by the New York Supreme Court. He was not charged in the state court with conspiracy to murder. Nevertheless, all of predicate act 75 was dismissed as against Louie.
 
 
 9
 In its supplemental papers the Government recognizes that it may appeal an adverse ruling only when authorized by statute, United States v. Sanges, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445 (1892), and that the only relevant statutory provision is 18 U.S.C. Sec. 3731 (1982), which provides in pertinent part:
 
 
 10
 In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.
 
 
 11
 Had the District Court's order dismissed the entire indictment or even an entire count as to one or more defendants, an interlocutory appeal by the Government would have unquestionably been permissible. Uncertainty arises in this case, however, because the striking of predicate acts 24, 64, and 75 as against Hsu, Chow, and Louie, respectively, dismissed only a portion of Counts 1 and 2 of the indictment.
 
 
 12
 We have had occasion to consider the appealability of rulings that effectively eliminate portions of counts of an indictment in three cases, United States v. Alberti, 568 F.2d 617 (2d Cir.1977), United States v. Margiotta, 646 F.2d 729 (2d Cir.1981) (Margiotta I ), and United States v. Margiotta, 662 F.2d 131 (2d Cir.1981) (Margiotta II ). In Alberti we entertained an interlocutory appeal from a ruling striking portions of a one-count indictment charging false statements before a grand jury in violation of 18 U.S.C. Sec. 1623 (1970). Five pairs of questions and answers had been stricken, three relating to one topic and two to another. We deemed the stricken specifications of false swearing to be a "substantial part" of the count, sufficiently substantial to be a "count" within the meaning of section 3731. In reaching this conclusion, we relied on the First Circuit's decision in United States v. Sanabria, 548 F.2d 1 (1st Cir.1976), rev'd on other grounds, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). In Sanabria the Government appealed a trial judge's ruling that effectively removed a portion of a one-count indictment alleging the running of an illegal gambling business, 18 U.S.C. Sec. 1955 (1976). The ruling prevented the Government from prosecuting a defendant for running a numbers-pool aspect of the business, after he had been acquitted of running a horse-betting aspect of the business. The First Circuit entertained the appeal, construing "count" in section 3731 broadly to include a "discrete basis for the imposition of criminal liability." 548 F.2d at 5. Our reliance on Sanabria in Alberti may therefore be taken to mean that a dismissed portion of a count is "substantial" enough to be a "count" within the meaning of section 3731 if it alleges a "discrete basis" for criminal liability.
 
 
 13
 We followed this approach in Margiotta I, entertaining an appeal from an order that effectively eliminated several mailings from a one-count allegation of mail fraud in violation of 18 U.S.C. Sec. 1341 (1976). We noted that each mailing was a "discrete basis" for criminal liability under the mail fraud statute. 646 F.2d at 732.
 
 
 14
 The issue of appellate jurisdiction where only a portion of a count is effectively dismissed was canvassed most recently and most extensively in Margiotta II, a decision remarkably not mentioned in the Government's papers. In Margiotta II we explicitly endorsed the approach followed in Sanabria, Alberti, and Margiotta I, distilling the governing principle to be that the Government may appeal "when an order precludes consideration of an independent ground for a conviction, even if that predicate is not formally pleaded as a separate count." 662 F.2d at 140. Significantly, Margiotta II applied this principle to bar the Government's attempt to appeal a trial ruling that effectively removed from five counts charging violations of the Hobbs Act, 18 U.S.C. Sec. 1951 (1976), the portion alleging liability as a principal, leaving an allegation of liability as an aider and abettor, 18 U.S.C. Sec. 2 (1976). Noting that an aider and abettor is liable to the same extent as a principal, we concluded that the trial court's ruling "does not strike from the case an independent basis of liability and is therefore not appealable under Sec. 3731." 662 F.2d at 141.
 
 
 15
 Arguably, this holding is limited by the Supreme Court's decision in Sanabria v. United States, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978), which recognized appellate jurisdiction over dismissal of a portion of a count that could have been set forth in a separate count, even though, as the Government conceded, it could not have supported a separate punishment. Id. at 72 & n. 30. At most, this would mean that appellate jurisdiction is available where the dismissed portion of a count is a "discrete" basis of liability, i.e., capable of being framed as a separate count, even though it would not be an "independent" basis of liability, i.e., sufficient to support a separate punishment. See United States v. Martin, 733 F.2d 1309 (8th Cir.1984) (in banc). Even if narrowed to that extent, Margiotta II would preclude appellate jurisdiction over the Government's cross-appeal.
 
 
 16
 In urging appellate jurisdiction for the ruling dismissing each of three predicate acts as against each of three defendants, the Government does not contend that the dismissed portions of Counts 1 and 2 constitute an "independent" or even a "discrete" basis of criminal liability. It could not plausibly contend that an allegation of only a single predicate act could constitute a valid count. Instead, the Government contends that section 3731 permits an appeal from an order dismissing any "substantial" portion of a count, even if the dismissed portion could not be charged in a separate count. We feel bound by the ruling in Margiotta II to reject that contention.[4]
 
 
 17
 We recognize that section 3731 expressly provides that the provision "shall be liberally construed to effectuate its purposes." In this Circuit we have followed that direction by giving section 3731 two generous constructions. First, we have not required that the order sought to be reviewed formally "dismiss" an indictment or a count. Instead we have deemed the statute applicable where the district court has taken "some action ... that has the practical effect" of a dismissal. Margiotta II, 662 F.2d at 139. In Margiotta II, for example, one ruling deemed sufficient to satisfy the "dismiss[al]" element of section 3731 was a ruling of a trial judge that at a second trial he would abide by certain jury instructions he had given at the first trial that effectively removed a portion of a count. Id. at 141. Second, we have not limited appealability to a dismissal of an indictment or "one or more counts," as specified in the statute, but have construed "count" broadly to mean any allegation that could have been a separate count. This is in accord with the Supreme Court's observation that "Congress could hardly have meant appealability to depend on the initial decision of a prosecutor to charge in one count what could also have been charged in two, a decision frequently fortuitous for purposes of the interests served by Sec. 3731." Sanabria v. United States, supra, 437 U.S. at 69 n. 23, 98 S.Ct. at 2181 n. 23 (emphasis added).
 
 
 18
 The question is whether "count" in section 3731 should be construed even more broadly to mean a fragmentary allegation that could not even arguably have been charged as a separate count. We acknowledge that some intimations from the Supreme Court lend arguable support to such a construction. For example, footnote 23 in Sanabria also observes that "there is no statutory barrier to an appeal from an order dismissing only a portion of a count." Id. That was said, however, in an expression of agreement with the First Circuit, which had limited appealability to dismissal of a portion of a count constituting a discrete basis of liability. Perhaps more significant is the statement that section 3731 was "intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." United States v. Wilson, 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232 (1975); see also Sanabria v. United States, supra, 437 U.S. at 63 n. 16, 98 S.Ct. at 2178 n. 16 (section 3731 removes statutory barriers to appeals from orders "terminating prosecutions"). We admit to considerable uncertainty as to the import of this statement. Taken literally, it would read section 3731 as if it provided: "The Government may appeal in any circumstance not prohibited by the Double Jeopardy Clause." Manifestly, that is not what section 3731 says. On the contrary, the statute provides for appeals by the Government only in a carefully described set of circumstances. No appeal is specified, for example, for rulings that deny a Government motion for a continuance or for disqualification of defense counsel or that grant a defense motion to disqualify Government counsel, cf. Flanagan v. United States, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) (granting of motion to disqualify defense counsel not appealable), and we think it unlikely that the Supreme Court would read section 3731 to allow Government appeals of such rulings.
 
 
 19
 Until the Supreme Court permits a Government appeal of the dismissal of a portion of a count that could not even plausibly be set forth in a separate count, we believe that we should adhere to the analysis and holding of Margiotta II and dismiss the cross-appeal.[5] We can construe broadly the word "count" in section 3731, but we do not believe we have authority to disregard entirely the statutory language Congress has chosen to use.
 
 
 20
 Accordingly, the appeal and the cross-appeal are dismissed. The mandate shall issue forthwith.
 
 
 
 [1]
 A notice of appeal was also filed by Robert Hsu, challenging the denial of his motion to dismiss a predicate act charging him with conduct of which he had been convicted. Hsu has declined to file a brief and has consented to the dismissal of his appeal. He remains a cross-appellee with respect to the Government's cross-appeal
 
 
 [2]
 Also overlooked by the parties was the requirement of including in the joint appendix the relevant docket entries, Fed.R.App.P. 30(a)(1), and the relevant portions of the pleadings, id. Rule 30(a)(2), which in this case would plainly have meant the indictment
 
 
 [3]
 We acknowledge that in United States v. Persico, 774 F.2d 30 (2d Cir.1985), we entertained an interlocutory appeal by a defendant from the denial of a motion to dismiss certain predicate acts in circumstances where the granting of the motion would not have caused dismissal of the RICO count because of the presence of numerous other predicate acts. Id. at 32. However, the ruling denying dismissal of the challenged predicate acts was also appealed by two other defendants, one charged with no other predicate acts and the other charged with only one other predicate act. As to these two defendants, jurisdiction under Abney was unquestionably available since success on the appeal would have avoided trial on the RICO count. Appellate jurisdiction as to the first defendant was not questioned by the Government, nor considered in the opinion, and was at least arguably available in the special circumstances of that case in the exercise of pendent party jurisdiction, since the issues on the merits were identical as to all three defendants
 
 
 [4]
 The Government contends, somewhat extravagantly, that we have already upheld its contention. Its supplemental papers argue that in Alberti we held "in effect" that the Government was entitled to appeal portions of an indictment that could not have been charged independently as separate counts. Supplemental Letter of Cross-Appellant at 3. Presumably, the Government is referring to the fact that the permitted appeal encompassed dismissal of two answers that the opinion noted were not independently actionable. United States v. Alberti, supra, 568 F.2d at 624 (answers and . However, as the opinion makes clear, these answers constituted the "predicate" for answer , which was actionable and which was also stricken from the indictment. Id. The dismissed portion deemed appealable in Alberti was the trio of answers, which, as a group, could have been charged in a separate count
 
 
 [5]
 We need not consider whether we would extend Margiotta II slightly to accommodate the result reached in United States v. Marubeni America Corp., 611 F.2d 763 (9th Cir.1980), where a Government appeal was allowed from the dismissal of a portion of a RICO count alleging forfeiture of benefits derived from a RICO enterprise. Though perhaps not chargeable in a separate count, forfeiture is a remedy distinct from the other penalties of the statute