UNITED STATES OF AMERICA,
Plaintiff–Appellee,

v.

Steven Dale WITTEN, Steve Binion Fechser, Emory Woodfin Cofield,
Defendants–Appellants.

Nos. 91–10529, 91–10590 and 91–10591.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1992.

Decided June 2, 1992.

Richard Wright, Wright & Stewart, Las Vegas, Nev., for defendant-appellant Witten.

---

**3.** Tyree's request for sanctions against Taylor is denied.

Oscar Goodman, Goodman, Stein & Chesnoff, Las Vegas, Nev., for defendant-appellant Fechser.

Harry E. Claiborne, Las Vegas, Nev., for defendant-appellant Cofield.

Kurt Schulke, Organized Crime Strike Force, Las Vegas, Nev., and Teresa McHenry, Trial Atty., Crim. Div., Washington, D.C. (argued and briefed), for plaintiff-appellee.

Before: HUG, TANG and T.G. NELSON, Circuit Judges.

HUG, Circuit Judge:

This is an interlocutory appeal from the district court's order denying a motion to dismiss one of the predicate acts alleged in an indictment charging the appellants with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). For the reasons explained below, we dismiss the appeal for lack of jurisdiction.

The appellants, Steven Binion Fechser, Emory Woodfin Cofield, and Steven Dale Witten, were employees of Binion's Horseshoe Hotel and Casino in Las Vegas, Nevada. In April 1986, a Clark County, Nevada grand jury returned an indictment against appellants, charging them with kidnapping and robbing card cheats. Fechser and Cofield were indicted for kidnapping and robbing Barry Finn and robbing Alan Brown. Witten was indicted for kidnapping and robbing Brown and robbing Finn. The jury acquitted Cofield of the charges of kidnapping and robbing Finn and robbing Brown, acquitted Witten of kidnapping Brown, and acquitted Fechser of kidnapping Finn. However, the jury found Witten and Fechser guilty of the robbery charges. Fechser and Witten filed motions to dismiss those robbery charges. The Clark County, Nevada district court ordered a new trial for Fechser and Witten on the robbery

charges, finding that there was insufficient evidence of robbery.[1]

On February 10, 1989, Fechser and Witten moved the state trial court to dismiss the robbery counts against them. While that motion was pending in state court, a federal grand jury indicted the appellants for conspiracy to violate 18 U.S.C. § 1962(c). Predicate Act VII alleges that the appellants kidnapped and robbed Brown and Finn, in violation of Nevada law.

The appellants filed a motion to dismiss Predicate Act VII on the grounds that it violated the Double Jeopardy Clause. The district court denied the motion, and the appellants appealed. Since we do not have jurisdiction to consider this appeal, we do not decide whether the failure to dismiss the predicate act violates the Double Jeopardy Clause.

■ Federal courts of appeal have jurisdiction to review "all final decisions of the district courts." 28 U.S.C. § 1291. An appeal from a pretrial denial of a motion to dismiss an indictment, or part of an indictment, is an interlocutory appeal, and generally is not considered a final judgment. In some circumstances, however, a pretrial denial of a motion to dismiss an indictment on double jeopardy grounds is appealable under the collateral order doctrine. See Abney v. United States, 431 U.S. 651, 659–62, 97 S.Ct. 2034, 2040–42, 52 L.Ed.2d 651 (1977).

■ In Abney, the Supreme Court held that there was jurisdiction to consider an interlocutory appeal of a pretrial denial of a motion to dismiss an indictment on double jeopardy grounds. Id. at 662, 97 S.Ct. at 2041. The Court recognized that, to fall within the collateral order exception to the final judgment rule, the order must involve an important right that will be "lost, probably irreparably," if review has to await final judgment. Id. at 658–59, 97 S.Ct. at

1. Witten and Fechser contend that the Clark County district court in effect acquitted them of the robbery charges. We do not reach this issue

since we find that we do not have jurisdiction to consider this appeal.

2039–40. In *Abney* such a right would have been irreparably lost. The Court noted that "the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense." *Id.* at 660–61, 97 S.Ct. at 2041 (emphasis in original) (footnote omitted). Even if a defendant "has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit." *Id.* at 662, 97 S.Ct. at 2041 (footnote omitted). Since dismissal of the indictment would prevent a second trial, the Court found that the refusal to dismiss was immediately appealable. *Id.*

*Abney* does not provide a basis for finding jurisdiction here. The appellants moved to dismiss an alleged predicate act, not an entire indictment, or even an entire count. Even if the alleged predicate act were dismissed, the appellants would still face trial for conspiracy to violate RICO. A defendant can violate section 1962(d) even if he does not personally participate in the commission of any predicate offenses. *United States v. Tille*, 729 F.2d 615, 619 (9th Cir.), *cert. denied*, 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984). Thus, the collateral order doctrine is not applicable here. *United States v. Tom*, 787 F.2d 65, 68 (2d Cir.1986).

The appeal is DISMISSED.

* John L. Evans is substituted for F. Dale Robertson, pursuant to Fed.R.App.P. 43(c).