# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 24, 2007          Decided January 4, 2008

No. 06-3162

UNITED STATES OF AMERICA,
APPELLEE

v.

SEAN GINYARD,
APPELLANT

———

Consolidated with
06-3163

———

Appeals from the United States District Court
for the District of Columbia
(No. 03cr00473-01)
(No. 03cr00473-02)

———

*James W. Beane, Jr.*, appointed by the court, argued the cause and filed the briefs for appellant Sean Ginyard.

*Yolanda T. Hibbler* argued the cause for appellant Kevin Jefferson. With her on the briefs was *Peter M. Brody*.

*Mary C. Dobbie*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese, III*, Assistant U.S. Attorney.

Before: GINSBURG, *Chief Judge*, and GARLAND, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*: An eleven-member jury convicted Sean Ginyard and Kevin L. Jefferson on a two-count indictment that charged the defendants with distributing and with possessing with intent to distribute cocaine base. On appeal, a previous panel of this court vacated the convictions and remanded the case for a new trial because the district court had erred in dismissing the twelfth juror. *See United States v. Ginyard*, 444 F.3d 648 (D.C. Cir. 2006). The defendants then filed pretrial motions to dismiss all or part of one count of the indictment. The district court granted the motions in part and denied them in part, and the defendants have appealed.

Defendant Jefferson contends that the district court's refusal to dismiss the count in its entirety violates the Double Jeopardy Clause of the Fifth Amendment. Although we have jurisdiction over Jefferson's interlocutory appeal, we conclude that he may be retried on lesser-included charges of that count without transgressing the bar against double jeopardy. Defendant Ginyard, by contrast, does not contend that the Double Jeopardy Clause requires dismissal of the count in its entirety, but only that it bars the government from proceeding against him under an aiding and abetting theory. Because we do not have jurisdiction over that kind of interlocutory challenge, we dismiss Ginyard's appeal without reaching its merits.

I

On August 17, 2004, a grand jury returned a two-count indictment against Ginyard and Jefferson. Count One charged each defendant with distributing cocaine base (in the form of

crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and with aiding and abetting such distribution, in violation of 18 U.S.C. § 2. Count Two charged each defendant with possessing with intent to distribute 50 grams or more of cocaine base (in the form of crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and with aiding and abetting that crime, in violation of 18 U.S.C. § 2.

At trial, the government introduced evidence concerning three quantities of cocaine base that the police discovered at the time of the defendants' arrest on October 2, 2003. The government's witnesses testified that, on that day, an undercover police officer approached Ginyard to purchase drugs. Ginyard directed the officer to Jefferson, who was standing in a nearby walkway. Jefferson then lifted up a hubcap that was lying on the ground, withdrew .7 grams of cocaine base from underneath the hubcap, and sold it to the officer. When the police later searched under the hubcap, they found an additional 21.1 grams of the drug. A short time after the .7-gram sale, undercover officers watched as another man drove into the area, stopped his car, and handed Ginyard money. Ginyard then walked to a parked Cadillac and opened it with a keyless remote control. A subsequent police search of the Cadillac revealed 134.5 grams of cocaine base in a nylon bag in the trunk.

The government also introduced other evidence concerning the defendants' connection to narcotics. This included testimony about several prior undercover drug purchases from the defendants in July and August 2003, and about the discovery of crack cocaine in a search of Ginyard's mother's residence where both defendants had been seen. But the three quantities of cocaine base discussed above -- the .7 grams sold to the undercover officer, the 21.1 grams found under the hubcap, and the 134.5 grams found in the Cadillac -- are the only facts relevant to this appeal.

Jury deliberations began on September 10, 2004. On September 16, the court dismissed one of the jurors. The juror had sent the court a note stating that he would not be able to continue serving on the jury because he needed to pursue a job opportunity. Other notes from the jury made clear that this juror was a holdout against the verdict agreed to by the others.

When the jury reconvened, the remaining eleven members found Ginyard and Jefferson guilty on both counts of the indictment. With respect to Count One, which pertained to the sale of the .7 grams to the undercover officer, the jury found the defendants guilty. That count is not at issue on this appeal.

With respect to Count Two, which charged each defendant with possession with intent to distribute 50 grams or more of cocaine base, the court used a complicated verdict form. The form was apparently constructed in response to the Supreme Court's opinions in *Blakely v. Washington* and *Apprendi v. New Jersey*, which had held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. 296, 301 (2004) (quoting *Apprendi*, 530 U.S. 466, 490 (2000)). As to each defendant, the form first asked whether he was guilty of the charge. If the jury found the defendant guilty, the form then asked the jury to indicate the amount of cocaine base for which he was responsible and listed three progressively decreasing amounts: at least 150 grams, at least 50 grams, and at least 20 grams. The instructions indicated that the jury should consider each progressively lower quantity if it was unable to find unanimously that the defendant was responsible for the greater quantity.[1]

---

[1]After Jefferson went to trial, the Supreme Court handed down its opinion in *United States v. Booker*, which rendered the U.S.

On Ginyard's verdict form, the jury checked "guilty" on the question of whether he had possessed with intent to distribute at least 50 grams of cocaine base. It left blank the question of whether the amount proven was at least 150 grams. But it checked "proven" with respect to whether the amount was at least 50 grams.

On Jefferson's verdict form, the jury also checked the "guilty" line for Count Two, but it crossed out "50 grams" and wrote in "detectable amount."[2] The jury left blank the questions of whether the amount proven was at least 150 grams or at least 50 grams. It did, however, check "proven" for the question of whether the amount was at least 20 grams.

---

Sentencing Guidelines "effectively advisory." 543 U.S. 220, 245 (2005); *see Kimbrough v. United States*, No. 06-6330, slip op. at 11-12 (U.S. Dec. 10, 2007). So modified, the Sixth Amendment's bar against judicial fact-finding does not apply to Guidelines sentencing. *Booker*, 543 U.S. at 259; *see United States v. Lawson*, 494 F.3d 1046, 1055-56 (D.C. Cir. 2007); *United States v. Bras*, 483 F.3d 103, 108 (D.C. Cir. 2007). After *Booker*, only drug quantities that constitute elements of statutory offenses must be submitted to the jury. *See Bras*, 483 F.3d at 106-08. For possession with intent to distribute cocaine base, those quantities are 5 grams and 50 grams. *See* 21 U.S.C. § 841(b)(1)(A)(iii), (b)(1)(B)(iii); *United States v. Webb*, 255 F.3d 890, 894-97 (D.C. Cir. 2001). The question of whether the defendant possessed at least 20 or 150 grams is relevant only to sentencing and may be determined by the district court under the (now advisory) Sentencing Guidelines. *See Lawson*, 494 F.3d at 1055-56; *Bras*, 483 F.3d at 106-08.

[2]In response to a note that the jury sent the court during its deliberations, the court instructed the jury that it should first determine whether each defendant possessed with intent to distribute a detectable amount of cocaine base. Although the jury then modified Jefferson's verdict form, it did not alter Ginyard's.

Ginyard and Jefferson appealed their convictions. Holding that the district court had erred in dismissing the twelfth juror without conducting an adequate inquiry regarding his continuing availability,[3] this court vacated the convictions and remanded the case for a new trial. *See United States v. Ginyard*, 444 F.3d 648 (D.C. Cir. 2006). The district court scheduled a new trial, on both counts of the indictment, to commence on November 1, 2006.

In pretrial motions following the remand, Jefferson moved to dismiss Count Two altogether, to bar the government from presenting evidence suggesting that he was responsible for the 134.5 grams of cocaine base found in the Cadillac's trunk, and to prohibit the government from proceeding against him on an aiding and abetting theory. The district court permitted Ginyard to join Jefferson's motion. *See* Status Conf. Tr. 5-6 (Oct. 31, 2006).

In a memorandum order issued on October 31, 2006, the district court held that "the Government may not relitigate the question of whether, in Count Two, the amount of crack cocaine which Defendant Jefferson unlawfully possessed with the intent to distribute was either at least 50 grams or at least 150 grams." *United States v. Jefferson*, No. 03-473, Mem. Order at 3-4 (D.D.C. Oct. 31, 2006). But the court denied the motion to dismiss all of Count Two. *Id.* At a status conference that same day, the court explained that "[t]here wasn't a clear decision by the jury as to the aiding and abetting question," and it therefore declined to "strik[e] the aiding and abetting alternative" from the indictment. Status Conf. Tr. 34-35 (Oct. 31, 2006).

---

[3]On appeal, the government conceded that the district court had abused its discretion in dismissing the deliberating juror. *See United States v. Ginyard*, 444 F.3d 648, 651 (D.C. Cir. 2006).

Both Jefferson and Ginyard now appeal, each presenting a different challenge to the district court's rulings.

II

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S CONST. amend. V. As is relevant here, the Clause "protects against a second prosecution for the same offense after acquittal[, and] protects against a second prosecution for the same offense after conviction." *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). The Clause also embodies principles of collateral estoppel: "[e]ven if two offenses are sufficiently different to permit the imposition of consecutive sentences," the collateral estoppel component of double jeopardy bars "successive prosecutions . . . where the second prosecution requires the relitigation of factual issues already resolved by the first." *Id.* at 166 n.6 (citing *Ashe v. Swenson*, 397 U.S. 436 (1970)). "It has long been settled, however, that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside . . . because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988).

In the district court, Jefferson contended that the jury in his first trial implicitly acquitted him of the charge of possessing with intent to distribute 50 grams or more of cocaine base. He drew that conclusion from the fact that the jury crossed out "50 grams" on the verdict form and wrote in "detectable amount," that it did not respond to the questions of whether the amount for which Jefferson was responsible was at least 150 grams or at least 50 grams, and that it checked "proven" for the question of

whether the amount was at least 20 grams. Agreeing with Jefferson's contention, the district court held that he could not be retried on the charge of possessing with intent to distribute 50 grams or more of cocaine base. Mem. Order at 3-4. The government does not dispute that holding, Gov't Br. 14 n.5, and we therefore have no occasion to evaluate it.[4]

On appeal, Jefferson contends that, in light of this acquittal, the district court erred in refusing to dismiss Count Two in its entirety. That count charges him with possessing with intent to distribute 50 grams or more of cocaine base. Jefferson argues that the 50-gram quantity is an essential element of the charge and that, because the government may not relitigate whether he possessed that amount, the count must be dismissed. We first address our jurisdiction to consider this contention and then turn to its merits.

A

Although the government does not challenge this court's jurisdiction to decide Jefferson's appeal, we have an independent obligation to consider the issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The question of our jurisdiction arises because there has not yet been a final judgment in the district court. Indeed, Jefferson's retrial has not yet begun. In the absence of a final judgment, this court generally lacks jurisdiction to hear a challenge to a decision of a district court. *See* 28 U.S.C. § 1291 (providing appellate jurisdiction over "appeals from all final decisions of the district

---

[4]Supreme Court opinions discussing the concept of implied acquittal include *Schiro v. Farley*, 510 U.S. 222, 236 (1994); *Price v. Georgia*, 398 U.S. 323, 329 (1970); and *Green v. United States*, 355 U.S. 184, 190-91 (1957).

courts of the United States"); *Abney v. United States*, 431 U.S. 651, 657 (1977) (citing § 1291).

In *Abney*, the Supreme Court held that an appeal from the denial of a pretrial motion to dismiss an indictment on double jeopardy grounds is an exception to this general rule. 431 U.S. at 659. The Court concluded that such a claim falls within the collateral-order exception to the final-judgment rule because, inter alia, the protection against double jeopardy "would be significantly undermined if appellate review . . . were postponed until after conviction and sentence." *Id.* at 660. The right that the Double Jeopardy Clause protects is the right not to be "twice put to *trial* for the same offense," and the Supreme Court explained that the protections of the Clause

> would be lost if the accused were forced to "run the gauntlet" a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit.

*Id.* at 661-62.

Although no appellate court appears to have ruled directly on the question of whether *Abney* extends to an appeal from the denial of a motion to dismiss a single count of a multi-count indictment, the Second Circuit has noted that, "[w]here a defendant challenges an entire count on grounds of former jeopardy, lack of an interlocutory appeal would prevent all opportunity to vindicate the asserted right to avoid trial on that count." *United States v. Tom*, 787 F.2d 65, 68 (2d Cir. 1986); *see also United States v. Head*, 697 F.2d 1200, 1206 n.9 (4th Cir. 1982). We agree. Because the Double Jeopardy Clause

guarantees the right not to be twice put to trial "for the same offense," *Abney*, 431 U.S. at 661, a defendant may no more be forced to "run the gauntlet" a second time on a single count -- which charges a single offense -- than he may be required to do so on an entire indictment.  Accordingly, we have jurisdiction over Jefferson's interlocutory appeal of the denial of his motion to dismiss Count Two, and we proceed to the merits of the issue.

B

Jefferson contends that we must dismiss Count Two because it charges him with possessing with intent to distribute 50 grams or more of cocaine base -- the same offense for which the Double Jeopardy Clause bars retrial.  But there is no danger that Jefferson will be retried on the 50-gram charge.  The district court ruled that the government may not relitigate whether Jefferson possessed with intent to distribute at least 50 (or at least 150) grams of cocaine base.  Mem. Order at 3-4.  And the government agrees that it may not retry him on that charge.  *See* Gov't Br. 14 & n.5; Oral Arg. Recording at 24:09.

What the government does intend is to seek Jefferson's conviction on either of two lesser charges:  possession with intent to distribute at least 5 grams of cocaine base, or possession with intent to distribute a detectable amount of cocaine base.  *See* Gov't Br. 15-16; Oral Arg. Recording at 24:18.  A trial on those charges would not violate the Double Jeopardy Clause.  As noted above, Jefferson's first jury found him *guilty*, under Count Two, of possessing a detectable amount or more of cocaine base.  Verdict Form at 4 (J.A. 33).  And it indicated that the amount that the government had proven was "[a]t least 20 grams" of the drug.  *Id.* at 5 (J.A. 34).  Although Jefferson's conviction on Count Two was vacated on appeal, the Double Jeopardy Clause does not bar retrial after a conviction

has been overturned because of an error in the trial court proceedings.  *See Lockhart*, 488 U.S. at 38.

Jefferson nonetheless insists that possession of 50 grams or more is an essential element of Count Two and that, because the government may not relitigate this quantity, the entire count must be dismissed.  This argument is unavailing, as it is clear that a "defendant may be found guilty of . . . an offense necessarily included in the offense charged."  FED. R. CRIM. P. 31(c)(1); *see Schmuck v. United States*, 489 U.S. 705, 715-21 (1989).  In this case, possession with intent to distribute 5 grams or more and possession with intent to distribute a detectable amount are both lesser-included offenses of the greater charge of possession with intent to distribute 50 grams or more of cocaine base.  *See United States v. Webb*, 255 F.3d 890, 896-97 (D.C. Cir. 2001) (concluding that 21 U.S.C. § 841 is a tripartite statute that establishes three crimes with three different statutory sentence maxima depending on the drug quantity categories of § 841(b)); *see also United States v. Lafayette*, 337 F.3d 1043, 1048 (D.C. Cir. 2003).  *See generally Schmuck*, 489 U.S. at 716 (holding that one offense is "necessarily included" in another if "the elements of the lesser offense are a subset of the elements of the charged offense").  Thus, without reindicting Jefferson on a lesser charge, *see Schmuck*, 489 U.S. at 718, the government may retry him for the two lesser-included offenses.

Finally, citing a New York Court of Appeals case, *People v. Mayo*, Jefferson argues that, because the government has not obtained a new indictment limited to the lesser-included offenses, his retrial will be conducted "under the shadow" of the 50-gram charge -- and that he will therefore suffer a harm that the Double Jeopardy Clause forbids.  Appellant Jefferson's Reply Br. 7 (citing *Mayo*, 397 N.E.2d 1166 (N.Y. 1979)).  The defendant in *Mayo* was retried on a first-degree robbery charge after having been acquitted of that offense in a previous trial.

Not until the last moment, just before it sent the jurors to deliberate, did the court withdraw the charge and instruct the jury to consider only lesser-included offenses.  The Court of Appeals reversed Mayo's subsequent conviction for second-degree robbery, holding that, because the jury was advised at the outset that the defendant was on trial for robbery in the first degree, the judge's last-minute instruction could not ensure that the verdict was not influenced "by the looming presence of [the prohibited] charge throughout the trial."  *Mayo*, 397 N.E.2d at 1170.

*Mayo* has no application here because the district court has already ruled that Jefferson will not be retried on the greater (50-gram) charge.  As the District of Columbia Court of Appeals held in rejecting -- under similar circumstances -- an argument almost identical to Jefferson's, the "judge at a new trial can readily dispose of the problem presented by *Mayo* by avoiding any reference to the original charge . . . and simply advising the jury that the defendant is on trial for the [lesser-included] offenses."  *Coreas v. United States*, 585 A.2d 1376, 1381-82 (D.C. 1991).  If the district court decides to give the jury a copy of the indictment, it can redact or revise the document accordingly. *See generally United States v. Roy*, 473 F.3d 1232, 1238 n.2 (D.C. Cir. 2007).   Indeed, at oral argument the government stated that it intended either to submit an edited indictment or to supersede.  Oral Arg. Recording at 26:07.

In sum, because Jefferson may be retried on lesser-included offenses of Count Two without transgressing the bar against double jeopardy, we affirm the district court's denial of his motion to dismiss that count.

## III

Defendant Ginyard contends that the district court erred in denying his motion to  prohibit the government from retrying him on the theory that he aided and abetted Jefferson's possession with intent to distribute cocaine base.  Because the jury found Ginyard guilty of possessing with intent to distribute at least 50 grams but did not mark "proven" (or "unproven") as to whether he possessed at least 150 grams, Ginyard argues that it must have found him responsible only for the 134.5 grams in the Cadillac.  The jury could not also have found him responsible for the 21.1 grams under the hubcap, he claims, because adding that amount would have raised the total to more than 150 grams.  By the same token, because the jury found Jefferson responsible for more than 20 grams but not more than 50 or 150 grams, Ginyard infers that the jury must have found Jefferson responsible for the drugs under the hubcap but not for those in the Cadillac.

From all of this, Ginyard concludes that, while the jury found that each defendant possessed a specific stash of cocaine base, it also found that neither defendant aided or abetted the other's possession.  He therefore contends that the government should be estopped from proceeding against him under Count Two on an aiding and abetting theory.  To retry him on that theory, he insists, would violate the guarantee against double jeopardy.

The government disputes Ginyard's premise that the jury necessarily found that Ginyard did not aid and abet Jefferson's possession with intent to distribute the 21.1 grams of cocaine base found under the hubcap.  All that the verdict form reveals, the government argues, is "that the jury decided that the government had 'proven' that appellant Ginyard possessed . . . at least 50 grams" and that it "was 'unable to unanimously' find

him guilty of 150 grams." Gov't Br. 31 (quoting Verdict Form at 2 (J.A. 31)). In any event, the government maintains that Ginyard's claim -- unlike Jefferson's -- is not properly raised on an interlocutory appeal.

We do not reach the merits of Ginyard's claim because we agree with the government that this court lacks jurisdiction. Ginyard's claim is different from Jefferson's in an important respect. While Jefferson challenges the government's ability to retry him on Count Two at all, Ginyard does not dispute that he may be retried for the crime that is expressly charged in that count: possession with intent to distribute 50 grams or more of cocaine base. Oral Arg. Recording at 22:29. Indeed, while the jury found that Jefferson possessed only 20 grams or more of cocaine base, it found Ginyard guilty of possessing 50 grams or more, *see* Verdict Form at 2 (J.A. 31), and Ginyard therefore concedes that he may be retried on that charge. Ginyard's only contention is that the government may not retry him on a particular theory of liability for that offense.

The *Abney* exception to the final-judgment rule does not extend this far. That exception was designed to protect defendants from a particular injury -- "being twice put to trial for the same offense." *Abney*, 431 U.S. at 661 (emphasis omitted). But as the Supreme Court has noted, "exceptions to the final judgment rule in criminal cases are rare." *Flanagan v. United States*, 465 U.S. 259, 270 (1984). "Adherence to this rule of finality has been particularly stringent in criminal prosecutions because 'the delays and disruptions attendant upon intermediate appeal' . . . 'are especially inimical to the effective and fair administration of the criminal law.'" *Abney*, 431 U.S. at 657 (quoting *DiBella v. United States*, 369 U.S. 121, 126 (1962)). Thus, "an interlocutory appeal has been denied when a collateral estoppel claim would merely suppress evidence but not preclude trial on the charge." *United States v. Brizendine*,

659 F.2d 215, 224 n.16 (D.C. Cir. 1981) (citing *United States v. Mock*, 604 F.2d 336, 337-41 (5th Cir. 1979)). Courts have likewise refused to extend *Abney* to interlocutory appeals from denials of motions to strike overt acts or objects from conspiracy indictments, *see Head*, 697 F.2d at 1206; *United States v. Powell*, 632 F.2d 754, 758 (9th Cir. 1980),[5] or predicate acts from Racketeer Influenced and Corrupt Organizations Act (RICO) indictments, *see Tom*, 787 F.2d at 68; *United States v. Witten*, 965 F.2d 774, 776 (9th Cir. 1992).

Because Ginyard's appeal cannot protect him "against being twice put to trial for the same offense," *Abney*, 431 U.S. at 661 (emphasis omitted), it too fails to fall within the *Abney* exception. Regardless of whether Ginyard may be retried for aiding and abetting, he may be tried again for the offense contained in Count Two. That offense is possession with intent to distribute 50 grams of cocaine base. Aiding and abetting is not a separate offense; it is only a theory of liability -- one ground upon which the jury may find him liable for the charged offense. *See United States v. Garcia*, 400 F.3d 816, 818-20 (9th Cir. 2005); *United States v. Smith*, 198 F.3d 377, 383 (2d Cir. 1999).[6] Hence, even a successful interlocutory appeal would not

------

[5]After these cases were decided, the Supreme Court held that "prosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the Government are based on substantive offenses for which the defendant has been previously convicted, does not violate the Double Jeopardy Clause." *United States v. Felix*, 503 U.S. 378, 380-81 (1992).

[6]The aiding and abetting provision of Title 18 states: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). An "indictment need not specifically include an aiding and abetting charge because, 'whether specified or not,' the federal statute creating liability for aiding and abetting . . . 'is

save Ginyard from having to endure a second trial on the offense charged in Count Two. Nor is the prejudice associated with having to defend oneself against a particular theory of liability alone sufficient to justify an interlocutory appeal. As the Second Circuit explained in *Tom*:

> If a defendant has a valid double jeopardy claim, he is entitled to present it on an interlocutory appeal to avoid "the personal strain, public embarrassment, and expense of a criminal trial" on the indictment or count for which he has previously been in jeopardy . . . . However, he is not entitled to an interlocutory appeal to avoid whatever slight increment of strain, embarrassment, or expense might arise from having to defend against allegations made or evidence presented in connection with a count on which trial will in any event occur.

787 F.2d at 68 (quoting *Abney*, 431 U.S. at 661); *cf. Witten*, 965 F.2d at 776 (finding no appellate jurisdiction because "[t]he appellants moved to dismiss an alleged predicate act [from a RICO indictment], not an entire indictment, or even an entire count," and because "[e]ven if the . . . act were dismissed, the appellants would still face trial for conspiracy to violate RICO"); *Powell*, 632 F.2d at 758 (stating that a claim that "would affect the course of the trial," but would not "have barred the ordeal of retrial," is "not properly appealable before trial").

---

considered embodied in full in *every* federal indictment.'" *United States v. Lam Kwong-Wah*, 924 F.2d 298, 302 (D.C. Cir. 1991) (quoting *United States v. Michaels*, 796 F.2d 1112, 1118 (9th Cir. 1986)).

This court therefore lacks jurisdiction over Ginyard's interlocutory appeal. If the government tries and convicts Ginyard on an aiding and abetting theory, he may of course challenge that conviction in a post-judgment appeal.

## IV

For the foregoing reasons, we dismiss Ginyard's interlocutory appeal for lack of jurisdiction. Although we have jurisdiction over Jefferson's interlocutory appeal, we affirm the district court's denial of his motion to dismiss Count Two in its entirety.

*So ordered*.