17-2372
United States v. Jenkins

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

PRESENT: DENNIS JACOBS,
             REENA RAGGI,
             PETER W. HALL,
                       Circuit Judges.

- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        Appellee,

        -v.-                            17-2372

GREGORY WILLSON, AKA FLIP, DAVID
PIRK, TIMOTHY ENIX, AKA BLAZE, FILIP
CARUSO, AKA FILLY, EDGAR DEKAY, II,
AKA ED, AKA SPECIAL ED, JASON

1

WILLIAMS, AKA TOOP, THOMAS KOSZUTA, AKA KAZOO, EMMETT GREEN, ROBERT OSBORNE, JR., STANLEY OLEJNICZAK, JACK WOOD, AKA JAKE, AKA SNAKE, RYAN MYRTLE, THOMAS SCANLON, AKA TOM, GLEN STACHARCZYCK, AKA TURBO, SEAN MCINDOO, AKA PROFESSOR,
      <u>Defendants</u>,

ANDRE JENKINS, AKA LITTLE BEAR,
      <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - -X

FOR APPELLANT:                Herbert L. Greenman (Barry N. Covert, <u>on the brief</u>), Lipsitz Green Scime Cambria LLP, Buffalo, NY.

FOR APPELLEE:                Joseph J. Karaszewski, Assistant United States Attorney, <u>for</u> James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Wolford, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Andre Jenkins, AKA Little Bear, appeals from a July 24, 2017 order of the district court denying his motion to dismiss the indictment against him as barred by the Double Jeopardy Clause of the Fifth Amendment. Jenkins argues on appeal that the district court erred by not finding the dual sovereignty exception applicable, and in denying an evidentiary hearing on his

motion.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

     **1.**     The United States contends that this Court lacks jurisdiction to hear Jenkins' interlocutory appeal.   Under 28 U.S.C. § 1291, "courts of appeals . . . have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." Id.   In addition, under Abney v. United States, 431 U.S. 651 (1977), pre-trial denials of motions to dismiss on double jeopardy grounds have been recognized as falling "within the small class of cases" that are "beyond the confines of the final-judgment rule," and may be heard on interlocutory appeal.   Id. at 659 (internal quotation marks omitted).   That is because the right to not be put in jeopardy twice for the same offense "would be lost, probably irreparably, if review had to await final judgment."   United States v. Tom, 787 F.2d 65, 68 (2d Cir. 1986) (internal citation and quotation marks omitted).

     Jenkins initially challenged the entire indictment as barred by the Double Jeopardy Clause, but conceded in his Reply Brief and at oral argument that he would face trial on Counts 1, 2, 45, and 46 regardless of how we decide his appeal. Jenkins also argues that Count 1 "may" be subject to dismissal as well, without specifying why.   See Def. Reply Br. at 2.   So now, Jenkins only challenges Counts 19, 20, 21, 22, and 23 as barred by the Double Jeopardy Clause.   We possess jurisdiction where, as here, "a defendant challenges an entire count on grounds of former jeopardy."   Tom, 787 F.2d at 68.

     **2.**     Under "the principle of dual sovereignty, a defendant in a criminal case may be prosecuted by more than one sovereign without violating principles of double jeopardy."   United States v. Sewell, 252 F.3d 647, 651 (2d Cir. 2001) (internal citation and quotation marks omitted).   The dual sovereignty doctrine is premised "on the common law conception of crime as an offense against the sovereignty of the government and allows that a defendant's single act may break the laws of two sovereigns and constitute two offenses."   Id. (internal citation and quotation marks omitted).   But under the Bartkus exception to dual sovereignty, "[t]he Double Jeopardy Clause may be violated despite single prosecutions by separate sovereigns when one prosecuting sovereign can be said

to be acting as a tool of the other." United States v. All Assets of G.P.S. Auto. Corp., 66 F.3d 483, 494 (2d Cir. 1995) (internal citations and quotation marks omitted); see also Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959) (the Double Jeopardy Clause is violated when a "state prosecution [i]s a sham and a cover for a federal prosecution."). Jenkins argues that the Bartkus exception is applicable in his case because, he alleges, the state authorities were manipulated by the federal prosecutors. We disagree.

After review of the Saraceno declaration and Tripi affidavit, the district court properly determined that the Bartkus exception was not applicable since Jenkins failed to demonstrate any "persuasive evidence that the state acted as a tool of the federal government." United States v. Peterson, 100 F.3d 7, 12 (2d Cir. 1996) (internal citation and quotation marks omitted); see also All Assets of G.P.S. Auto. Corp., 66 F.3d at 495 ("we have repeatedly held that even significant cooperation between state and federal authorities does not provide a basis for applying the Bartkus exception"). The district court also did not abuse its discretion in denying an evidentiary hearing since it had the Tripi affidavit. See United States v. Russotti, 717 F.2d 27, 31 (2d Cir. 1983) (the federal prosecutor's detailed affidavit "obviated whatever necessity there may have been for conducting a hearing.").

Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4