UNITED STATES of America,
Appellant,

v.

Russell James MARTIN, a/k/a Rusty
Martin, Appellee.

No. 82–2425.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 2, 1983.

Decided May 4, 1984.

Evan L. Hultman, U.S. Atty., Robert L. Teig, Asst. U.S. Atty., N.D. Iowa, Cedar Rapids, Iowa, for appellant; David J. Kline, Senior Legal Advisor, General Litigation and Legal Advice Sec. Crim. Div., U.S. Dept. of Justice, Washington, D.C., of counsel.

Mark W. Bennett, Staff Counsel, Iowa Civil Liberties Union, Des Moines, Iowa, Charles S. Sims, American Civil Liberties Union Foundation, New York City, Peter M. Shane, Iowa City, Iowa, David E. Landau, American Civil Liberties Union Foundation, Washington, D.C., for appellee.

Before LAY, Chief Judge, and HEANEY, BRIGHT, ROSS, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG and BOWMAN, Circuit Judges, en banc.

FAGG, Circuit Judge.

Russell James Martin was indicted for failing to register with the Selective Service System in violation of 50 U.S.C.App. §§ 453(a) and 462(a). The indictment charged in pertinent part:

Beginning on or about July 27, 1980, and continuing until on or about August 20, 1982, * * * Russell James Martin * * * did knowingly and wilfully fail, evade and refuse to present himself for and submit to registration * * *.

Martin moved to dismiss the indictment, claiming among other points that the offense of failing to register with the Selective Service System was not a continuing offense as charged by the indictment. The district court agreed that the offense was not a continuing one, and struck as surplus-

**1310**

age the phrase "and continuing until on or about August 20, 1982." *United States v. Martin,* 557 F.Supp. 681, 686 (N.D.Iowa 1982). The government has filed a pre-trial appeal. We reverse.

I. Jurisdiction

 The government appealed on the authority of 18 U.S.C. § 3731, which provides in pertinent part:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information *as to any one or more counts,* except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution. (emphasis added)

Martin contends that the district court's order did not dismiss the indictment as to any one or more counts, but instead struck language from the one-count indictment as surplusage, and that consequently this court lacks jurisdiction of the appeal.

The word "count" found in section 3731 has been interpreted as referring to "any discrete basis for the imposition of criminal liability that is contained in the indictment." *United States v. Sanabria,* 548 F.2d 1, 5 (1st Cir.1976), *rev'd on other grounds,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *see also United States v. Margiotta,* 646 F.2d 729, 731–32 (2d Cir. 1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983); *United States v. Marubeni American Corp.,* 611 F.2d 763, 764–65 (9th Cir.1980); *United States v. Alberti,* 568 F.2d 617, 621 (2d Cir.1977). The government contends failure to register is a continuing offense and that a discrete basis for criminal liability arises each day the failure continues.

Martin seeks to distinguish his case from the cases cited by the government on the ground that each of those cases involves the dismissal of allegations of separate offenses upon which separate convictions could have been obtained. *See United States v. Margiotta, supra,* 646 F.2d at 731–32 (separate mailings alleged in mail

fraud indictment); *United States v. Marubeni American Corp., supra,* 611 F.2d at 764 (court struck forfeiture demand from single count which alleged violation of 18 U.S.C. § 1962(c) (RICO)); *United States v. Alberti, supra,* 568 F.2d at 620 (court struck certain specifications of perjury from a single count); *United States v. Sanabria, supra,* 548 F.2d at 3–4 (numbers activity and horse betting alleged in single count). Martin argues that even if failure to register is a continuing offense, there is no discrete basis of criminal liability because failure to register constitutes but one offense. Under this argument the absence of separate offenses requires the conclusion that there is no discrete basis of criminal liability.

In our view, that part of the indictment struck by the district court provides a discrete basis of criminal liability. If the government is correct in its theory that failure to register is a continuing offense, it could prosecute Martin for his failure to register during the initial six-day registration period and his continuing failure to register after that time. Even though the government could not obtain separate convictions for the violation, Martin's alleged conduct after the six-day period provides a discrete basis for prosecution grounded on the proposition that failure to register is a continuing offense. The district court's order "in effect has dismissed a substantial part of the single count; this amounts to dismissal of a substantial part of the indictment." *United States v. Alberti, supra,* 568 F.2d at 621. We have jurisdiction to entertain this appeal concerning the separate basis for prosecution included in the language struck by the district court.

Our result is consistent with the principle that section 3731 is to be construed liberally. The last paragraph of the statute provides that "[t]he provisions of this section shall be liberally construed to effectuate its purposes." The Supreme Court noted in *United States v. Wilson,* 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232 (1975), that "the legislative history [of section 3731] makes it clear that Congress intend-

ed to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." Martin concedes that there is no constitutional impediment to the present appeal. We consider our exercise of jurisdiction over this appeal a fulfillment of the meaning and purpose of section 3731.

## II. Continuing Offense

The district court found that the offense of failing to register was not a continuing one, and struck the language from the indictment which charged a continuing offense. In *United States v. Eklund*, 733 F.2d 1287 (8th Cir.1984), a companion case decided on this same day, we hold that failure to register is a continuing offense. We therefore reverse and remand with directions to reinstate the language stricken from the indictment.

In arguing that failure to register is not a continuing offense, Martin raises an issue not raised by Eklund in appeal No. 82–2505; he argues that a continuing duty would compel the late registrant to incriminate himself in violation of the Fifth Amendment, and that 50 U.S.C. §§ 453(a) and 462(d) should be interpreted so as to avoid such a constitutional problem. We reject this argument for the reasons set forth in *United States v. Toussie*, 410 F.2d 1156, 1159–60 (2d Cir.1969), *rev'd on other grounds*, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970).

Reversed and remanded for proceedings consistent with this opinion.

LAY, Chief Judge, dissenting, with whom HEANEY, McMILLIAN and ARNOLD, Circuit Judges, join.

I would dissent from the above opinion on the ground set forth in my dissent in *United States of America v. Gary John Eklund*, 733 F.2d 1287 (8th Cir.1984).[*]

---

[*] I concur in Part I of the majority opinion.