IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 93-7318

———————————————


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

          versus

ROBERT TERRY,

                    Defendant-Appellant.



———————————————

No. 93-7340

———————————————



UNITED STATES OF AMERICA,

                         Plaintiff-Appellant,

          versus

THOMAS S. WALDRON, ROBERT TERRY
and DAVID WENGER,

                    Defendants-Appellees.


———————————————

Appeals from the United States District Court
for the Southern District of Mississippi

———————————————

(October 18, 1993)

Before POLITZ, Chief Judge, HIGGINBOTHAM, Circuit Judge, and
DAVIDSON[*], District Judge.

———————

[*]District Judge of the Northern District of Mississippi,
sitting by designation.

HIGGINBOTHAM, Circuit Judge:

Defendants in these consolidated cases allegedly conspired to defraud a bank out of $2.7 million by arranging a fraudulent loan and then manipulating records so the loan would look justifiable to regulators. Defendant Robert Terry claims his prosecution is barred by double jeopardy. The government claims that the district court erred in striking two overt acts from the indictment. We affirm the district court's decision that Terry's prosecution is not barred by double jeopardy, and we dismiss the government's appeal for want of jurisdiction.

## I.

Defendant Robert Terry was first indicted on September 24, 1991. After a series of continuances, he filed motions to dismiss the indictment on April 3, 1992 and April 7, 1992. The court denied the April 3 motion and held the April 7 motion in abeyance. Trial began April 21, 1992, and ended with the grant of Terry's motion for a mistrial. The motion for mistrial came during the testimony of William Kelly, a former codefendant of Terry's who agreed to testify for the government. The prosecutor asked why he earlier lied about his fraudulent behavior. He answered that he had been afraid for his life because Terry had killed someone. The next morning another prosecutor spoke to Kelly about his testimony on this issue during a recess that came during defendant's cross-examination of Kelly.

The judge granted a mistrial, persuaded that the prosecutor's conversation with the witness prevented the defense from

effectively minimizing the effects of Kelly's statements by cross-examination. The judge also requested parties to brief whether he should dismiss the charges with prejudice because of prosecutorial misconduct. Before any briefs were submitted, the prosecution moved for leave to dismiss the indictment under Federal Rule of Criminal Procedure 48(a). Terry did not object and the district court dismissed the indictment without prejudice. On August 19, 1992, Terry was indicted again and this indictment was dismissed without prejudice.

On October 7, 1992, an indictment was returned charging that Terry, Thomas Waldron, and David Wenger, from approximately December 1986 to April 1992, conspired to commit bank fraud, mail fraud and wire fraud in violation of 18 U.S.C. §§ 371, 1344, 1341 and 1343. The charging language of the first count, realleged and incorporated in the other counts, alleged that the three defendants arranged for a $2.7 million loan to Waldron and then manipulated bank records to create an apparent adequate net worth. The indictment also charged acts of concealment as part of the conspiracy:

> It was further a part of the conspiracy that defendants and their co-conspirators would coverup and conceal from regulators and others that moneys of Republic, i.e., part of the proceeds of the six (6) loans described above, were being used to purchase shares of preferred stock of Republic.

The count set forth 24 overt acts, including:

> 23. Thereafter, defendant WALDRON met with at least one co-conspirator and others involved in the bank fraud scheme in 1988 and 1989 to discuss their criminal liability for activities described above.

3

24. Defendant WALDRON paid legal defense fees for representation needed as a result of the bank fraud scheme and money laundering activities of defendant TERRY, through and after April, 1992.

Terry and Wenger moved to strike overt acts 23 and 24 prior to trial. In early April of 1993 Terry moved to dismiss the indictment on the grounds of double jeopardy.

On April 19, 1993, the district court issued a memorandum opinion denying Terry's motion to dismiss the indictment on the grounds of double jeopardy and granting Terry and Wenger's motion to strike. The United States appeals the decision to grant the motion to strike and Terry appeals the rejection of his claim of double jeopardy.

## II.

The government argues that we have jurisdiction under 18 U.S.C. § 3731. It first urges that we have jurisdiction because this is an appeal from a decision "dismissing an indictment . . . as to any one or more counts." The government does not contend that the two overt acts struck by the district court constitute a count of the indictment. Rather, it urges us to adopt the rule of some circuits that the word "count" in section 3731 includes orders dismissing only a portion of a count, provided that the stricken material established a discrete basis of criminal liability that could have been charged as a separate count. See, e,g., United States v. Levasseur, 846 F.2d 786 (1st Cir.), cert. denied, 488 U.S. 894 (1988); United States v. Tom, 787 F.2d 65 (2d Cir. 1986).

We did not pass on the merits of this test last year in United States v. Miller, 952 F.2d 866 (5th Cir.), cert. denied, 112 S.Ct.

4

3029 (1992), and decline to do so today.  We have no need to because even under such a reading of the statute, the government does not explain what offense could be charged from Counts 23 (having a meeting) and 24 (agreeing to pay attorneys' fees).  Cf. Levasseur, 846 F.2d at 790 (each stricken overt act was a separate violation of state arson law); United States v. Martin, 733 F.2d 1309 (9th Cir. 1984) (en banc), cert. denied, 471 U.S. 1003 (1985) (continuing failure to register with Selective Service was a separate offense).

Alternatively, the government relies on statutory language allowing appeal from a decision or order "suppressing or excluding evidence" and directs us to our recent opinion in United States v. Miller, 952 F.2d 866 (5th Cir.), cert. denied, 112 S.Ct. 3029 (1992).  In Miller, the government argued that there was appellate jurisdiction because the district court deleted allegations from the indictment, effectively restricting the trial evidence.  This court said this argument was "reasonable," but found it had no jurisdiction because the government had not timely filed the certification required by section 3731.  952 F.2d at 875.

This argument stretches our dicta in Miller too far.  Every order narrowing the scope of an indictment potentially limits the government's evidence at trial.  If Congress had meant for the "suppression" part of the statute to be read this broadly, it would not have distinguished between orders dismissing all or part of an indictment and those excluding evidence.  We are unwilling to read

5

part of section 3731 as surplusage, and are compelled to conclude that we have no jurisdiction to hear the government's appeal.

## III.

We agree with the government that its second prosecution of Terry did not wrongfully put him in jeopardy a second time. A defendant has a right to have his first jury decide guilt; he waives that right by moving for a mistrial or acquiescing in a dismissal. Oregon v. Kennedy, 102 S.Ct. 2083, 2089 (1982); United States v. Nichols, 977 F.2d 972, 974-75 (5th Cir. 1992), cert. denied, 1993 U.S. LEXIS 5213 (Oct. 4, 1993).

The government contends that Terry waived any jeopardy contention he may have had by acquiescing in the Rule 48(a) dismissal. As we have explained, while the parties were briefing the issue of whether the charges should be dismissed with prejudice because of prosecutorial misconduct, the prosecution moved to dismiss without prejudice under Rule of Criminal Procedure 48(a). Terry did not object and the court then dismissed without prejudice. This dismissal did not bar retrial. See Woodring v. United States, 311 F.2d 417, 423 (8th Cir.), cert. denied, 373 U.S. 913 (1963). See also Charles A. Wright, 3A Federal Practice and Procedure: Criminal § 811, at 195 & n.9 (2d ed. 1982).

We thus have no occasion to decide if the prosecutors "goaded" a mistrial. See Oregon v. Kennedy, 102 S.Ct. 2083 (1982), and United States v. Singleterry, 683 F.2d 122 (5th Cir.), cert. denied, 459 U.S. 1021 (1982). Nonetheless, we must not let pass without notice the impropriety of the prosecution's actions. The

6

prosecutor conducting the direct examination, with no notice to the defense, knowingly elicited testimony accusing Terry of a serious criminal offense. The prosecution had made no effort to investigate the accusation and have never brought any charges based on it. And once this apparently baseless accusation came before the jury, another prosecutor spoke to the witness about it, not to correct it but to place the assertion in a more credible light. This conduct was wrong. The prosecutors are admonished that such acts breach their duty to represent the public interest. Trusting that this failure was an episodic error, we say no more--for now.

DISMISSED IN PART AND AFFIRMED IN PART.