**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

LOUISIANA PACIFIC
CORPORATION, DANA DULOHERY,
and ROBERT MANN,

    Defendants-Appellees.

No. 96-1338

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. CR-95-215-B)
(925 F. Supp. 1484)

---

John M. Haried, Assistant United States Attorney, Denver, Colorado (Lois J. Schiffer, Assistant Attorney General, Environmental Protection Agency, Washington, D.C.; Henry J. Solano, United States Attorney, Denver, Colorado; Brenda K. Taylor, Assistant United States Attorney, Denver, Colorado; Elizabeth Ann Peterson and Robert L. Klarquist, Attorneys, Department of Justice, Washington, D.C.; and Gregory Foote, Environmental Protection Agency, Washington, D.C., of counsel, with him on the brief) for Plaintiff-Appellant.

Elliot R. Peters, Keker & Van Nest, L.L.P., San Francisco, California (Patrick J. Burke, Law Office of Patrick J. Burke, Denver, Colorado; and Loretta M. Lynch and Steven A. Hirsch, Keker & Van Nest, L.L.P., San Francisco, California, with him on the brief) for Defendants-Appellees.

---

Before TACHA, BALDOCK, and McWILLIAMS, Circuit Judges.

BALDOCK, Circuit Judge.

This case is before us on Defendants' motion to dismiss for lack of appellate jurisdiction. The government seeks to bring an interlocutory appeal of the district court's denial of its motion to reconsider the dismissal of two overt acts from one count in a multi-count indictment brought against Defendants under the Clean Air Act and the False Statements Act.[1] The government contends that we have jurisdiction over this interlocutory appeal under the Criminal Appeals Act, 18 U.S.C. § 3731. We determine that we lack jurisdiction under § 3731 and grant Defendants' motion to dismiss.

The introductory facts of this case are more fully set forth in the district court's opinion at United States v. Louisiana Pacific Corp., 908 F. Supp. 835 (D. Colo. 1995). Thus, we provide only a limited introduction relevant to this appeal.

Defendant Louisiana Pacific Corporation manufactures a wood building product called oriented strand board at its Montrose mill in Olathe, Colorado. The oriented strand board is manufactured in a process involving the drying and compressing of wood chips and the use of resins. The process releases pollutants into the air. In an effort to regulate

---

[1] In this case, we consider the government's appeal of the denial of its motion to reconsider as an appeal of the underlying order striking paragraphs 14(c) and 14(g) of count 1. See Grubb v. Federal Deposit Ins. Corp., 868 F.2d 1151, 1154 n.4 (10th Cir. 1989); Jones v. Nelson, 484 F.2d 1165, 1167-68 (10th Cir. 1973). See also United States v. Hassan, 83 F.3d 693, 697 (5th Cir. 1996).

the mill's emissions, the Colorado Department of Health issued Defendant Louisiana Pacific an emission permit in January 1988, and, after several compliance disputes, a second permit in January 1992. During the term of the 1988 permit, the government alleges that Defendants knowingly falsified certain emissions reports and tampered with monitoring equipment to achieve low opacity readings.

The government brought a 56-count indictment against Defendants, charging them with various offenses including violations of a criminal provision of the Clean Air Act, 42 U.S.C. § 7413(c), and the False Statement Act, 18 U.S.C. § 1001. Counts 28 through 31 charged Defendants Louisiana Pacific and Dana Dulohery under 42 U.S.C. § 7413(c)(2)(A) and 18 U.S.C. § 2 with making false statements concerning phenolic formaldehyde (resin) exceedances of two percent of board weight. The district court dismissed counts 28 through 31, ruling that resin reporting requirements are not part of Colorado's state implementation program maintained under the Clean Air Act, nor part of the mill's 1988 permit, and are, therefore, not federally enforceable. United States v. Louisiana Pacific Corp., 908 F. Supp. 835, 844 (D. Colo. 1995). The government did not appeal the dismissal of these counts.

Count 1 of the 56-count indictment charged Defendants Louisiana Pacific, Dana Dulohery, and Robert Mann with conspiracy to violate a criminal provision of the Clean Air Act, 42 U.S.C. § 7413(c), and the False Statement Act, 18 U.S.C. § 1001. In count 1, the government charges that Defendants committed numerous overt acts, including the

3

ones described in paragraphs 14(c) and 14(g), in furtherance of the conspiracy.[2]

Paragraph 14(c) of count 1 alleges that Defendants submitted production and consumption reports which understated Defendant Louisiana Pacific's use of phenolic formaldehyde resin (resin).  Similarly, paragraph 14(g) of count 1 charged that Defendants created false production figures as part of Montrose mill's permanent records.  The district court granted Defendants' motion to strike both paragraphs.  United States v. Louisiana Pacific Corp., 925 F. Supp. 1484, 1489 (D. Colo. 1995).  With respect to paragraph 14(c), the district court ruled that the resin consumption reports were not within the jurisdiction of the EPA.  The district court found that the resin reporting requirements were not in the mill's 1988 permit or in Colorado's state implementation program maintained under the Clean Air Act and that no federal authority authorized the regulation of resin.  With respect to paragraph 14(g), the district court rejected the government's contention that the production reports were within the purview of the False Statements Act because the EPA has the authority to conduct inspections of all records kept by Defendant Louisiana Pacific under § 7414 of the Clean Air Act.  The district court ruled that the fact that the EPA can conduct an inspection during which the production records might be reviewed is not a sufficient nexus to find that the production reports were within

_____

[2]     In their motion to dismiss this appeal, Defendants contend, "[T]he district court's order struck less than one-tenth of the 129 overt acts specified in the conspiracy count.  Put another way, some 117 date-specific overt acts survived the district court's order."  The government does not dispute Defendants' tabulation of the overt acts, and we note that the indictment alleges numerous overt acts.

4

the jurisdiction of the EPA under the False Statements Act. The government filed a motion for reconsideration of the order striking paragraphs 14(c) and 14(g), which the district court denied. The government now seeks to appeal the denial of the motion for reconsideration.

The government can take an interlocutory appeal only with specific statutory authority. United States v. Martin Linen Supply Co., 430 U.S. 564, 568 (1975). Also, there is a presumption against the availability to the government of an interlocutory appeal in a criminal case. United States v. Roberts, 88 F.3d 872, 883-84 (10th Cir. 1996). The government's right to take an interlocutory appeal is limited to protect individuals from "the special hazards inherent in prolonged litigation with the sovereign." United States v. Carrillo-Bernal, 58 F.3d 1490, 1497 (10th Cir. 1995). For example, interlocutory appeals by the government implicate speedy trial concerns in some circumstances. See, e.g., United States v. Herman, 576 F.2d 1139, 1146-47 (5th Cir. 1978). The Criminal Appeals Act, 18 U.S.C. § 3731, provides:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney

5

certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

The provisions of this section shall be liberally construed to effectuate its purposes.

The district court's order dismissed only two parts, or overt acts, of the conspiracy count, and not the entire count. The conspiracy count includes allegations of numerous other overt acts. Thus, the government urges us to read "count" in § 3731 to mean something less than an entire count. The First Circuit fashioned a test under which the government can take an interlocutory appeal from an order dismissing a portion of a count if the portion provided a "discrete basis for the imposition of criminal liability." United States v. Sanabria, 548 F.2d 1, 5 (1st Cir. 1976), rev'd, 437 U.S. 54 (1978). Although the Supreme Court reversed the First Circuit's decision in Sanabria on double jeopardy grounds, it found, in dicta, no fault with the First Circuit's reasoning that "there [was] no statutory barrier to an appeal from an order dismissing only a portion of a count." Sanabria v. United States, 437 U.S. 54, 69 n.23 (1978). The Court argued that a contrary rule would import "empty formalism" into a provision of the Criminal Appeals

6

Act designed to remove technical pleading barriers to appeals taken by the government. Other circuits have also adopted the discrete basis test. See, e.g., United States v. Tom, 787 F.2d 65, 69-70 (2d Cir. 1986); United States v. Woolard, 981 F.2d 756, 757 (5th Cir. 1993)[3]; United States v. Hill, 55 F.3d 1197, 1199-1200 (6th Cir. 1995); United States v. Martin, 733 F.2d 1309, 1310-11 (8th Cir. 1984), cert. denied sub nom., Eklund v. United States, 471 U.S. 1003 (1985); United States v. Marubeni America Corp., 611 F.2d 763, 764-65 (9th Cir. 1980). However, we decline to adopt the discrete basis test.

Justice Stevens points out the flaw in the Court's dicta regarding the discrete basis test in Sanabria. Federal appellate courts must have specific statutory authority to entertain an appeal, and § 3731 does not provide for an appeal of the dismissal of less than a full count of an indictment. Sanabria, 437 U.S. at 78-79 (Stevens, J., concurring) ("[T]he statutory grant of appellate jurisdiction is still unequivocally limited to review of a dismissal `as to any one or more counts.'"). In this case, the district court only dismissed two overt acts from the conspiracy count of the indictment. Cf. Terry, 5 F.3d at 876 (holding that the dismissal of two of 24 overt acts from a conspiracy count did not meet the discrete basis test where the government did not explain how the two overt acts charged independent offenses). Such a dismissal does not invoke the clear language of the statute and trigger jurisdiction.

---

[3] Later the same year, but without reference to its opinion in Woolard, the Fifth Circuit, with what seem to be doubts about the discrete basis test, refused to adopt the test in United States v. Terry, 5 F.3d 874, 876 (5th Cir. 1993).

7

Rather than importing empty formalism into § 3731, we are merely observing its plain language.  See United States v. Rutherford, 442 U.S. 544, 555 (1979) (a court generally must observe a statute's plain language and cannot rewrite it in accordance with its own conception of prudent public policy).  As Justice Stevens reasoned, the language of § 3731 is unambiguous in referring to a count, and the statute's purpose to eliminate technical distinctions in pleadings does not give us license to ignore the section's plain language.  Sanabria, 437 U.S. at 79 (Stevens, J., concurring).  Although §3731 must be liberally construed to effectuate its purposes, a court cannot interpret a statute in a way fundamentally inconsistent with its plain language in the name of liberal construction.  Cf. United States v. Tom, 787 F.2d 65, 70-71 (2d Cir. 1986) (noting that a literal reading of some of the dicta in Sanabria would result in a construction of § 3731 which manifestly contradicts its language).  Moreover, a plain language reading of § 3731 best comports with this circuit's precedent setting forth our principles of statutory construction.  See, e.g., United States v. Morgan, 922 F.2d 1495, 1496 (10th Cir.), cert. denied, 501 U.S. 1207 (1991) ("As in any case of statutory interpretation, we begin with the plain language of the law.  If the statutory language is clear, this will ordinarily end the analysis.");  Edwards v. Valdez, 789 F.2d 1477, 1481 (10th Cir. 1986) ("It is a well established law of statutory construction that, absent ambiguity or irrational result, the literal language of the statute controls.").

It is not mere formalism, nor an irrational result, to require the government to plead allegations in separate counts, a minimal burden, in order to preserve its right to take an interlocutory appeal of the dismissal of such counts. As the majority in Sanabria recognized: "The precise manner in which an indictment is drawn cannot be ignored, because an important function of the indictment is to ensure that, in case any other proceedings are taken against the defendant for a similar offence, the record will show with accuracy to what extent he may plead a former acquittal or conviction." Id. at 65-66 (quoting Russell v. United States, 369 U.S. 749, 764 (1962)). "A rule that the government may appeal from the `dismissal' of a portion of a count, provided that the portion establishes `a discrete basis of liability,' fosters rather than eliminates technical distinctions and encourages exactly the sort of nearsighted parsing of indictments that the amendment was intended to discourage." Id. at 80 (Stevens, J., concurring).

Allowing the government to appeal the striking of the two overt acts from the conspiracy count in this case would raise "the special hazards inherent in prolonged litigation with the sovereign." Carrillo-Bernal, 58 F.3d at 1497. Allegations of numerous other overt acts remain to support the conspiracy count. An interlocutory appeal by the government of the dismissal of these two overt acts is not only unauthorized by § 3731

9

but would eviscerate the rule of limited availability of interlocutory appeals to the government.[4]  See id. at 1493-97.

In summary, we cannot entertain an interlocutory appeal by the government in a criminal case in the absence of statutory authority.  The government's attempt to appeal the dismissal of two overt acts from the conspiracy count of the indictment does not fall within the scope of § 3731.  Thus, we are without jurisdiction over this appeal.  Defendants' motion to dismiss is granted.

APPEAL DISMISSED.

---

[4]  Although the government contends that the district court's order deprived it of a substantial and important theory of criminal liability, the government failed to appeal the dismissal of counts 28-31, which cover substantially the same ground as the allegations of paragraphs 14(c) and 14(g) of count 1.  Counts 28-31 charged Defendants with misreporting the use of a resin used in the mill's manufacturing process.  Paragraph 14(c) makes substantially the same allegations and, in fact, incorporates the operative paragraph of counts 28-31.  The government's decision not to appeal the dismissal of counts 28-31 undermines its assertions about the importance of paragraphs 14(c) and 14(g).